Geoffrey WALTON, Plaintiff,

v.

LARRY G. MASSANARI,[1] Defendant.

No. 98–1251.

United States District Court, E.D. Pennsylvania.

Aug. 20, 2001.

---

1. Larry J. Massanari became the Acting Commissioner of Social Security, effective March 29, 2001, to succeed Kenneth S. Apfel. Under Fed.R.Civ.P. 25(d)(1) and 42 U.S.C. § 405(g), Larry J. Massanari is automatically substituted as the defendant in this action.

Thomas D. Sutton, Langhorne, PA, Kenneth M. Kapner, Law Offices of Kenneth

M. Kapner, Plymouth Meeting, PA, for Plaintiff.

Patricia M. Smith, Office of General Counsel for Social Security, Rafael Melendez, Social Security Administration Office of the General Counsel, Philadelphia, PA, for Defendant.

### *MEMORANDUM*

LOWELL A. REED, JR., Senior District Judge.

Presently before this Court are motions by plaintiff Geoffrey Walton for attorney fees for Thomas D. Sutton ("Sutton") (Document No. 28) and for Kenneth M. Kapner ("Kapner") (Document No. 29), pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, the objections raised by Defendant Commissioner of Social Security, ("the Commissioner"), the responses and the supplemental motion for fees (Document No. 31). For the following reasons, Kapner will be awarded $15,156.13 in fees and $463.72 in costs, and Sutton will be awarded $10,254.75 in fees.

On May 12, 2001, the Court of Appeals for the Third Circuit reversed the decision by the Commissioner to deny social security survivor benefits to plaintiff and remanded this case for a new hearing and decision. Counsel for plaintiff now seek attorney fees. Sutton moves for an award in the amount of $10,254.75 for 72.6 hours of work, and Kapner moves for an award in the amount of $16,358.40 for 115.2 hours of work, which equals a combined amount of $26,613.15 for 187.8 hours of work.[2] Defendant asserts that Sutton should be awarded $4,943.75 for 35 hours of work, and that Kapner should be awarded $4,520 for 32 hours of work, which equals a combined amount of $9,463.75 for 67 hours.

**2.** These totals include the requests for fees for time expended in responding to defendant's

### I. Analysis

■ Under 28 U.S.C. § 2412(d)(1)(A):

... a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award just.

The party seeking attorney fees bears the burden of proving that its request is reasonable. *See Rode,* 892 F.2d at 1183. To meet this burden, the fee petitioner must " 'submit evidence supporting the hours worked.' " *Id.* (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433, 434, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983)). The objecting party has the burden to challenge, through affidavit or brief, with sufficient specificity to provide notice to the fee applicant the portion of the fee petition which must be defended. *See id.* (citing *Bell v. United Princeton Prop., Inc.,* 884 F.2d 713, 715 (3d Cir.1989)).

■ This Court may not award less than the requested amount of fees "unless the opposing party makes specific objections to the fee request." *U.S. v. Eleven Vehicles, Their Equip. and Accessories,* 200 F.3d 203, 211–12 (3d Cir.2000) (citing *Cunningham v. City of McKeesport,* 753 F.2d 262, 266 (3d Cir.1985), *vacated on other grounds,* 478 U.S. 1015, 106 S.Ct. 3324, 92 L.Ed.2d 731 (1986), *and reinstated,* 807 F.2d 49 (3d Cir.1986)). A district court may only decrease a fee based on factors raised by an adverse party. *See*

objections.

*id.* (citing *Rode v. Dellarciprete,* 892 F.2d 1177, 1183 (3d Cir.1990)). Once objections have been raised, this Court is granted a great deal of discretion to adjust fees in light of those objections. *See Rode,* 892 F.2d at 1183 (citing *Bell,* 884 F.2d at 721). The district court has been instructed to "conduct an extensive analysis and inquiry before determining the amount of fees." *In re Cendant Corp. PRIDES Litig.,* 243 F.3d 722, 728 (3d Cir.2001).

■ Defendant solely objects to the number of hours billed and does not take the view that its position was substantially justified. This Court is directed to exclude any hours that were not "reasonably expended." *Hensley v. Eckerhart,* 461 U.S. 424, 434, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983) (citation omitted). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* Attorneys are required to use "billing judgment." *See id.* (citation omitted). I address defendant's objections in turn.

The attorney rate is $141.25, which is derived by adjusting the EAJA $125.00 rate by the 13% increase in the cost of living as measured by the increase in the CPI–All Urban Consumers (CPI–U) from the March 1996 base period through March 2001 when the court of appeals handed down its decision.[3]

### A. District Court Representation

■ Defendant objects to .7 hours which Kapner reported on June 13, 2000 for "several phone conversations with staff re: preparing Motion for Extension due to illness." Kapner responds that this reported time occurred because Kapner was hospitalized and as counsel of record, he needed to respond to an approaching deadline. I find that the fee petition adequately explains the reason for this reported time and was reasonably reported by Kapner.

■ Defendant argues that Kapner reported 5.1 hours for work on Civil Action No. 97–5054 which was closed on January 21, 1998, thus the time for filing a petition for attorney fees under the EAJA expired on April 19, 1998. The items objected to are as follows:

| Date | Description | Hours |
|---|---|---|
| 8/04/97 | Research | 2.00 |
| 8/04/97 | Prepared, drafted complaint for District Court | 1.00 |
| 8/04/97 | Phone conference with client and Peggy Baraldi | .50 |
| 8/05/97 | Prepared forms for filing | .50 |
| 8/06/97 | Prepared packages of Complaint; filed Complaint; Phone conference with Clerk's office | .30 |
| 8/12/97 | Reviewed Pre–Trial Order; prepared letter; served Complaint on defendant/counsel | .30 |
| 8/27/97 | Phone conference with client | .30 |
| 9/18/97 | Phone conference with client | .20 [4] |

Kapner explains, and the docket reflects, that this matter was originally assigned to the Honorable Stewart Dalzell who dismissed the action without prejudice because plaintiff failed to make filings per the Court's procedural order. Plaintiff refiled the case per instructions by the Clerk of the Court and the case was reassigned to my docket under a different civil action number. Thus, I find that while the work relates to the current civil action, defendant should not be forced to pay for work which Kapner would not have had to complete but for his error in failing to follow

---

**3.** Kapner calculates the rate at $142.00. He appears to arrive at that amount by incorrectly using the April 2001 CPI–U, which is 176.8 (which he incorrectly states is 176.9), rather than the March, 2001 CPI–U which is 176.3, *see http://stats.bls.gov/cpihome.htm,* and by not rounding the calculation to 13%.

**4.** Commissioner argues that this totals 6.1 hours reported. My arithmetic indicates 5.1 hours were reported.

Judge Dalzell's Order. Kapner even appears to concede that 2.1 hours reported for the filing of the original complaint could be deleted. This calculation excludes from the above itemized list hours reported for research and phone conferences. Thus, I find that Kapner's hours should be reduced by 2.1 hours.

■ In addition to these two specific requests, the Commissioner objects in general to Kapner's overall request for compensation for 61.3 hours of attorney time expended at the district court level and broadly asserts that Kapner should be reimbursed instead for 30 hours. Apart from the objections analyzed above, defendant has failed to make specific objections to Kapner's fee petition regarding the hours he reported for representation at the district court level. Thus, I find that Kapner's reported hours for district court representation will not be further reduced.[5] *See, e.g., Eleven Vehicles,* 200 F.3d at 211–12; *Weis–Buy Serv., Inc. v. Storey's Fruit & Produce, Inc.,* No. Civ. A. 98–6078, 2000 WL 1038122, *4 (E.D.Pa. July 13, 2000) (no reduction granted where objections were not specific); *U.S. ex rel. John Doe v. Pennsylvania Blue Shield,* 54 F.Supp.2d 410, 415 (M.D.Pa.1999) ("a general 'too much' argument is insufficient, as it is necessary to point to the specific area researched and to provide reasons why the research or the amount of time on the research is unreasonable"); *Watson v. Southeastern Pa. Transp. Ass'n.,* No. Civ. A. 96–1002, 1998 WL 720072, at *2 (E.D.Pa. Sept.10, 1998), *aff'd,* 207 F.3d 207 (3d Cir.2000), *cert denied,* 531 U.S. 1147, 121 S.Ct. 1086, 148 L.Ed.2d 961 (2001) ("Where the Defendant has not specifically objected to the reasonableness of the hours expended, this Court will not *sua sponte* make an adjustment to the total number of allowable hours, although the number of hours claimed in filing this petition appears excessive").

## B. Appellate Representation

The Commissioner also objects to the number of hours reported by both Kapner and Sutton at the appellate level. Defendant argues that Kapner's reported 40.6 hours should be reduced to 2 hours because Sutton represented plaintiff on appeal and the only reasonable time incurred by Kapner was the two hours reported for the notice of appeal and the summary statement. As to Sutton, the Commissioner takes the position that Sutton's reported 66.4 hours should be reduced to 35 hours of time because based on his declaration, Sutton has represented thousands of Social Security and/or SSI disability benefits over an eight year period which indicates that he should have expended only 35 hours in this case. According to Kapner's declaration, he has represented hundreds of claimants for social security and/or SSI disability benefits over the last ten years. Defendant further notes that the appellate brief "does not differ much from the district court brief" and that he should have reported one hour per page. (Def.'s Mem. at 5.) I will address whether counsel are guilty of double billing. In addition, defendant points to three specific items reported by Kapner with respect to his appellate advocacy which I will discuss. As to the remaining broad objections raised by the Commissioner, I find that defendant has again failed to meet its burden of challenging the fee petition with sufficient specificity to provide notice to counsel of that portion of the fee petition which must be defended.

---

**5.** The Commissioner fails to acknowledge that approximately 10 hours of Kapner's reported hours were a result of the Commissioner's failure to timely answer the complaint which prompted plaintiff to file a motion for judgment on the pleadings.

■ Defendant argues that Kapner should not be awarded fees for the 2 hours that Kapner reported at oral argument because Sutton was the attorney who argued the case, and Kapner only made an appearance. Kapner responds that while Sutton argued the case before the court of appeals, Kapner's presence was needed to strategize and discuss arguments with co-counsel. Specifically, Kapner appears to argue that days before the argument, the Court of Appeals raised a jurisdictional question *sua sponte* and that Kapner would be responsible for addressing this issue. Kapner's assertion is not supported by his hourly report in that he only reported .2 hours of time on the jurisdictional issue, whereas Sutton reported 2.8 hours spent on the issue.[6] This imbalance in time suggests that Sutton, and not Kapner, was prepared to argue the jurisdiction issue. I find that the jurisdiction issue could have been resolved by one attorney and that Kapner's presence at oral argument was unnecessary and therefore, I will subtract the 3.6 hours that Kapner reported in relation to oral argument.[7] *See Agron v. Aydin Corp.*, No. Civ. A. 97–6184, 1999 WL 248647, at *3 (E.D.Pa. Apr. 26, 1999) (finding presence of second counsel at trial unnecessary where second attorney only participated in sidebar conferences).

■ My arithmetic shows that counsel jointly report 53.6 hours of time for re-

searching and writing the appellate brief. Kapner reports 25.8 hours and Sutton reports 27.8 hours. The brief is 27 pages. What is most perplexing about the Commissioner's objection is that defendant suggests that Sutton should only be allowed to bill 27 hours since the brief is 27 pages. (Def.'s Mem. at 5.) Indeed, my math indicates that Sutton reported approximately that number of hours. The inquiry, however, cannot end there because defendant also asserts that counsel double billed. Upon examining the brief in greater detail, I note that the statement of the case is one page in length and nearly mirrors the one page procedural history found in plaintiff's memorandum in support of the motion for summary judgment. The statement of facts consists of 10 pages, about half of which is pulled directly from the statement of facts from the memorandum submitted to this District Court.

The argument section, while it follows the same three main arguments originally presented to this Court, has substantially different text. While the legal issues presented were not complex, this case involved a detailed fact-specific record. By all accounts Sutton appeared to be lead counsel on appeal, however, Kapner was more intimately involved in the case from the beginning and his knowledge and familiarity with the facts were essential to

---

**6.** In addition to the .2 hours reported on October 27, 2000 for "Review letter from the Third Circuit regarding the District Court's jurisdiction at oral argument," Kapner also reports 1 hour on November 8, 200 for "Review briefs and preparation for oral argument." It is not clear whether some of this time was spent on the jurisdiction issue; however, as explained in the main text, I find this possible discrepancy irrelevant since only one attorney needed to address this issue.

**7.** Specifically, Kapner reported the following:

| Date | Description | Hours |
|---|---|---|
| 9/15/00 | Review letter from the Third Circuit regarding availability for oral argument | .20 |
| 10/26/00 | Review letter from the Third Circuit regarding District Court's jurisdiction at Oral argument | .20 |
| 10/27/00 | Review letter from the Third Circuit regarding oral argument | .20 |
| 11/8/00 | Review briefs and preparation for oral argument | 1.00 |
| 11/9/00 | Appearance at oral argument; discuss strategies/arguments with co-counsel; travel | 2.00 |

the appeal. Such collaboration seems reasonable to this Court. It is evident that a great deal of work was accomplished on the appellate level. Very recently, the court of appeals determined that it was reasonable to report 120 hours for a 41 page brief worked on by multiple lawyers and consisting of one uncomplicated issue which had been briefed by parties and discussed at length in a "well-written and thorough opinion" at the district court level. *See Maldonado v. Houstoun*, 256 F.3d 181, 185–87 (3d Cir.2001). This calculates to approximately 3 hours per page. Thus, I find that 53.6 hours reported for a 27 page brief, which is approximately 2 hours per page, is reasonable.

 Counsel jointly report 19.4 hours for the reply brief. Kapner reports 5 hours and Sutton reports 14.4 hours. The reply brief, filed in 14 point font, is 10 pages, which in 12 point font would come to about 7½ pages. Defendant asserts that Kapner should not be awarded for two hours of reported time on August 24, 2000 to file the reply brief when Sutton wrote the reply brief. Kapner responds that this time was reasonably reported because it included proofreading, making technical changes, having the reply brief copied and bound and filing the brief. I find that it is not reasonable to bill attorney time for such administrative tasks that can easily be performed by non lawyers. *See Coup v. Heckler*, 706 F.Supp. 405, 408 (W.D.Pa. 1989) (counsel not awarded items which did not require skill of attorney to complete). The one possible exception is the time allotted for proofreading; however, I find that enough hours were expended on the reply brief prior to this point and that such reporting here was redundant. Thus, I will subtract these 2 hours from Kapner's reported hours.

 The Commissioner also specifically challenges one hour which Kapner reported on August 16, 2000 for "preparation of lengthy correspondence to co-counsel regarding case law for reply brief." Kapner responds that this reported item regards a four page single-space letter summarizing background facts and case law needed for the reply brief. I find that this expenditure of time is reasonable. Subtracting the 2 hours from Kapner's time spent on non-attorney activities, counsel report 17.4 hours for a 7½ page reply, the text of which was not copied from any previous filings. I find this amount of hours to be reasonable.

## C. Additional Requests for Fees & Costs

Kapner requests an additional $1,888.60 for 13.30 hours of work, and Sutton requests an additional $875.75 for 6.2 hours spent on their respective responses to defendant's objections to the fee petition. Kapner also moves for $463.72 in costs for the filing of the complaint, the filing of the appeal, copying costs and service costs. Defendant makes no formal objections to these additional requests and appears to rely on its general previously made objections. Without a specific objection, this Court will not further reduce the awards.

## II. Conclusion

I will subtract 7.7 hours from Kapner's reported time and no hours from Sutton's reported time. When the hours are multiplied by the $141.25 rate, Kapner will be awarded $15,156.13 in fees and $463.72 in costs, and Sutton will be awarded $10,254.75 in fees.

An appropriate Order follows.

### ORDER

**AND NOW** this 20th day of August, 2001, upon consideration of motions by plaintiff Geoffrey Walton for attorney fees for Thomas D. Sutton ("Sutton") (Docu-

ment No. 28) and for Kenneth M. Kapner ("Kapner") (Document No. 29), pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, the objections raised by Defendant Commissioner of Social Security, the responses and the supplemental motion for fees (Document No. 31), and for the reasons set forth in the foregoing memorandum, it is hereby **ORDERED** that Kapner is awarded $15,156.13 in fees and $463.72 in costs, and Sutton is awarded $10,254.75 in fees.