Jose GONZALEZ

v.

Carolyn COLVIN

**CIVIL ACTION NO. 13–6714**

United States District Court,
E.D. Pennsylvania.

Filed 11/20/2015

Jonathan M. Stein, Community Legal Services, Inc., Richard Frankel, Drexel University Law School, Robert J. Lukens, Philadelphia, PA, for Jose Gonzalez.

M. Jared Littman, Roxanne Andrews, Social Security Admin, Andrew C. Lynch, Philadelphia, PA, for Carolyn Colvin.

### ORDER

L. Felipe Restrepo, United States District Judge

**AND NOW**, this 19th day of November, 2015, having considered Plaintiff's Motion for Attorney Fees (ECF Document 33), Defendant's response in opposition thereto (Doc. 38), and Plaintiff's reply (Doc. 39), it is hereby **ORDERED** that, for the reasons that follow, Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART**

and the Court orders the following relief: attorney fees are hereby awarded in favor of Plaintiff Jose Gonzalez in the amount of $17,437.50.

1. Plaintiff instituted this action by filing a Complaint (Doc. 3), seeking review of the Commissioner's decision to deny him Social Security disability benefits.[1] After the Commissioner answered the Complaint (Doc. 10), Plaintiff filed a Request for Review (Doc. 12), the Commissioner responded (Doc. 13), and Plaintiff replied (Doc. 15). The case was then referred to Magistrate Judge Jacob P. Hart for a report and recommendation ("R & R"). In the R & R (Doc. 16), Judge Hart recommended that this Court deny Plaintiff's Request and enter judgment for the Commissioner. Plaintiff filed objections to the R & R (Doc. 22), to which the Commissioner responded in opposition (Doc. 26). After reviewing *de novo* Plaintiff's objections and holding oral argument, this Court issued an Order and Judgment (Docs. 31, 32), approving in part and modifying in part the R & R, ultimately reversing the decision of the Commissioner and remanding the case for further proceedings. Plaintiff's hepatitis C diagnosis was the critical issue. Magistrate Judge Hart had concluded that there was "no doubt" the ALJ erred in failing to mention Plaintiff's hepatitis C diagnosis, which should have been explicitly discussed by the ALJ, but found that the error was "harmless" because the record lacked evidence that Plaintiff suffered from limitations as a result of hepatitis C. This Court disagreed that it could conclude the error was "harmless" in light of evidence in the record of symptoms that *could* have been connected with Plaintiff's hepatitis C.

---

1. Plaintiff filed an application for Social Security benefits on March 12, 2010, which was denied initially. After a *de novo* hearing before an Administrative Law Judge ("ALJ"), the ALJ issued a written decision denying Plaintiff benefits. Plaintiff filed a request for review with the Appeals Council, which the Appeals Council denied, making the ALJ's decision to deny benefits the final decision of the Commissioner.

■ 2. Plaintiff now moves for an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.[2] The Commissioner contends that Plaintiff is not entitled to any award because the Commisioner's position in this case was substantially justified.[3] To support her contention, the Commissioner points to Magistrate Judge Hart's recommendation to enter judgment in the Commissioner's favor, and argues that Judge Hart's "findings and recommendation that the Commissioner's position was correct ... bolsters the Commissioner's position that her final decision had a reasonable basis in law and fact." *See* Comm'r Br. (Doc. 38) at 5–7. However, this argument is unpersuasive, given that this Court ultimately disagreed and found that the ALJ's error in failing to mention the hepatitis C diagnosis warranted remand.[4] Moreover, though Magistrate Judge Hart found that the case did not warrant remand, Judge Hart did not agree with the *position* taken by the Commissioner on the issue of Plaintiff's hepatitis C. The Commissioner never acknowledged in her opposition to Plaintiff's Request for Review that the ALJ's failure to discuss Plaintiff's hepatitis C diagnosis was an error, harmless or otherwise. Instead, the Commissioner took the position that the ALJ did not err at all, arguing, "[c]ontrary to Plaintiff's claim, the ALJ did not ignore Plaintiff's hepatitis C diagnosis." *See* Comm'r Opp. Br. (Doc. 13) at 12–13. As Judge Hart pointed out in his R & R and as this Court discussed in its remand Order, it is well-established in Social Security law that an ALJ cannot reject or ignore evidence of a diagnosis in the record without providing a rationale, and failing to mention a diagnosis constitutes error. For these reasons, the Court concludes that the Commissioner has not carried her burden of demonstrating substantial justification for her position, and the Plaintiff is entitled to reasonable attorney fees.

■ 3. The Court has substantial discretion to determine the amount of a fee award under the EAJA, but it is Plaintiff's burden to show that the attorney fees requested are reasonable. *Highsmith v. Barnhart*, 2006 WL 1582337, at *4 (E.D.Pa. June 7, 2006) (citing *Comm'r, INS v. Jean*, 496 U.S. 154, 161, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990), and *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)). "Reasonable" fees are fees that are not "excessive, redundant, or otherwise

---

**2.** A plaintiff who is the prevailing party in a civil action against the United States and who files a timely application for attorney fees is entitled to reasonable fees under EAJA, unless "the court finds that the position of the [Commissioner] was substantially justified." 28 U.S.C. § 2412(d)(1)(A). The Commissioner does not contest that Plaintiff was the prevailing party and filed a timely application for fees in this matter.

**3.** The Commissioner bears the burden of establishing that there was substantial justification for her litigation position in federal court, as well as substantial justification for the underlying agency action that ultimately gave rise to the civil litigation. *Corona v. Barnhart*, 431 F.Supp.2d 506, 511 (E.D.Pa. 2006) (citing *Morgan v. Perry*, 142 F.3d 670,

684 (3d Cir.1998)); *Thompson v. Barnhart*, 2006 WL 3742770, at *2 (E.D.Pa. Dec. 13, 2006). To meet this burden, the Commissioner must show: "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory she propounds; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Thompson*, 2006 WL 3742770, at *2.

**4.** As another court in this district explained, "if the happenstance of a favorable ruling was tantamount to an achievement of 'substantial justification' then fees could only be awarded if the Commissioner struck out at every level. There is no statutory or judicial suggestion that this is the standard for awarding fees." *Thompson*, 2006 WL 3742770, at *3 (internal citation omitted).

unnecessary." *Hensley v. Eckerhart,* 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Here, Plaintiff requests a total of $26,775 for 142.8 hours of time spent on the matter collectively by three attorneys, at a rate of $187.50 per hour.[5]

■ 4. The Commissioner contends that the 142.8 hours of billed time requested is excessive for several reasons. First, the Commissioner argues that under the EAJA, requested fees must be incurred for purposes of the civil action. 28 U.S.C. § 2412(d). Therefore, according to the Commissioner, Plaintiff should not be compensated for more than 2 hours of attorney time expended *prior* to the filing of the Complaint. Notably, Plaintiff does not specifically contest the Commissioner's argument that pre-Complaint time should be reduced to 2 hours. And of the 12.4 hours of pre-Complaint work billed by counsel,[6] counsel's records reflect that the large majority of those hours were spent conferring with co-counsel and students, deliberating about whether to take the case, and finalizing co-counsel arrangements. After careful review, the Court agrees with the Commissioner that reducing pre-Complaint time to 2 hours is appropriate in this case.

■ 5. Next, the Commissioner objects to Plaintiff's request for compensation for clerical tasks undertaken by attorneys after the filing of the Complaint. In his reply brief, Plaintiff acknowledges that a number of billing entries mix non-compensable clerical tasks with compensable tasks, and Plaintiff appears to agree that he should not be compensated for the hours associated with such entries. The Court finds that entries for 11.2 hours of time contain non-compensable clerical tasks. Therefore, the Court will reduce the total number of hours by 11.2.[7]

■ 6. The Commissioner also objects generally to the 97.8 total hours spent by Plaintiff's attorneys researching and preparing briefs as excessive and unnecessary.[8] To substantiate her argument, the Commissioner emphasizes the fact that attorneys spend considerably fewer hours on the "average" Social Security appeal.

---

5. The Commissioner does not contest counsel's hourly billing rate. Although Plaintiff's Motion (Doc. 33) requests $26,880 in total for 142.8 hours at such a rate, this calculation appears to be in error, as 142.8 hours multiplied by $187.50 per hour equals $26,775 total, rather than $26,880.

6. Plaintiff submitted his Complaint, along with a motion to proceed *in forma pauperis,* to the Court on Nov. 19, 2013, though his Complaint was not docketed until Nov. 20, 2013 (*see* Docs. 1–3). Attorney billing records reflect 12.4 hours of billed time *prior* to Nov. 19, 2013.

7. The Commissioner argues that 19.9 hours were expended on clerical matters after the Complaint was filed. However, the billing entries specifically identified by the Commissioner total 10.9 hours. *See* Comm'r Opp. Br. (Doc. 38) at 17–18. The Court's independent review of counsel's billing records revealed only one additional clerical entry for 0.3 hours by Mr. Stein on 12/5/14. Therefore, the award will be reduced by 11.2 hours rather than the 19.9 hours requested.

8. After review of counsel's billing records, the Court calculates that counsel spent 46.2 hours on Plaintiff's Request for Review, which includes Mr. Frankel's billing entries on 12/12/13, 1/7/14, 1/9/14, 1/22/14, 1/28/14, 2/5/14, 2/11/14, 2/18/14, and all entries beginning on 2/21/14 and ending on 4/4/14; and Mr. Stein's entries on 11/22/13, 1/21/14, 3/17/14, 3/24/14, 3/31/14. The Court finds that counsel spent 31 hours on Plaintiff's reply, which includes Mr. Frankel's billing entries from 5/9/14 to 5/20/14 and Mr. Stein's entries from 5/8/14 to 5/19/14. The Court reaches 20.6 hours spent on Plaintiff's Objections to the R & R by totaling Mr. Frankel's entry on 6/23/14 and all entries from 7/11/14 to 7/28/14; Mr. Stein's entries from 6/18/14 to 7/28/14; and all of Mr. Luken's time entries. These totals exclude any entries that include non-compensable clerical tasks.

However, the Court does not find this fact alone a sufficient basis to reduce the fee request. Several considerations, in fact, support Plaintiff's request. The administrative record in this matter, at over 800 pages, is large, naturally demanding more attorney time to review. *See, e.g., Huyett v. Colvin,* 2014 WL 3676961, at *3 (E.D.Pa. July 14, 2014) (noting that where there was a 1,185-page administrative record, it was "not surprising" that the appeal required more attorney time than the average Social Security appeal); *Borus v. Astrue,* 2012 WL 4479006, at *3 (S.D.N.Y. Sept. 28, 2012) (finding a 700-page administrative record "extremely voluminous," supporting a higher-than-average fee award). Moreover, the length of Plaintiff's briefing, approximately 70 pages, supports Plaintiff's fee request, as the Third Circuit has endorsed billing for two to three hours of time per page of briefing. *See, e.g., Walton v. Massanari,* 177 F.Supp.2d 359, 365 (E.D.Pa.2001) (citing *Maldonado v. Houstoun,* 256 F.3d 181, 185–97 (3d Cir. 2001)). Finally, Plaintiff's briefing reflected high-quality work from his counsel—including thorough research, command of the administrative record, and reasoned analysis and advocacy—and ultimately resulted in a favorable disposition from this Court.

■ 7. Nevertheless, the Court agrees with the Commissioner that the arguments set forth in Plaintiff's reply brief, in particular, were essentially duplicative of those in his opening brief, with citations to much of the same case law.[9] Accordingly, the Court will reduce the time billed for preparation and drafting of Plaintiff's reply brief from 31 hours to 10.3 hours, approximately one-third of the hours billed.

■ 8. Finally, the Commissioner objects to the 15.1 hours spent by Plaintiff's counsel preparing for and presenting oral argument to this Court on Plaintiff's Objections as duplicative and excessive.[10] Counsel spent most of these hours conducting further legal research and again reviewing the record. The Court agrees with the Commissioner that, in light of time counsel spent thoroughly preparing the briefs in this matter, which included a substantial amount of research, and in light of the fact that the matter was fully briefed at the time of oral argument, 15.1 hours is unreasonable. The Court will further reduce Plaintiff's request by 7.5 hours.

9. For the reasons outlined above, the Court finds that the Commissioner's position was not substantially justified and will award Plaintiff $17,437.50 in attorney fees; this award reflects a reduction of approximately 50 billable hours from Plaintiff's request.

9. The Commissioner also argues that Plaintiff's Objections to the R & R were duplicative of his opening brief. However, Plaintiff's Objections contained both new and expanded arguments on several issues, including Plaintiff's hepatitis C diagnosis and sleep disorder. Any overlap was reflected in the billing records; counsel spent fewer than half the number of hours preparing Plaintiff's objections as they spent preparing the opening brief. Significantly, the Commissioner does not contend that any of the arguments included in Plaintiff's opening brief were excessive, frivolous, or otherwise unnecessary.

10. The Court reaches 15.1 hours by totaling Mr. Frankel's entries from 12/15/14 to 12/17/14 and Mr. Stein's entries from 12/8/14 to 12/22/14.